**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS & ST. JOHN**

|  |  |
|---|---|
| ROY LESTER SCHNEIDER, MD.<br><br>             Plaintiff,<br><br>             v.<br><br>ROY FLOOD, MD., GILBERT COMISSIONG,<br>MD., ALFRED HEATH, MD., THELMA<br>WATSON, MD., DAVID WEISHER, MD.,<br>REVA RICHARDSON, MD., CLAYTON<br>WHEATLEY, MD., BRIAN BACOT, MD.,<br>BONIFACE ABBA, MD., and FRANK<br>ODLUM, MD., in their official<br>capacities as members of the<br>Medical Staff of the Schneider<br>Regional Hospital, and THE VIRGIN<br>ISLANDS GOVERNMENT HOSPITALS AND<br>HEALTH FACILITIES CORPORATION d/b/a<br>THE ROY LESTER SCHNEIDER REGIONAL<br>MEDICAL CENTER and/or THE ROY<br>LESTER SCHNEIDER HOSPITAL,<br><br>             Defendants. | Civil No. 2010-41 |

**ATTORNEYS:**

**Samuel H. Hall, Jr., Esq.**
St. Thomas, U.S.V.I.
     *For the plaintiff.*

<u>**MEMORANDUM OPINION**</u>

     Before the Court is the motion by the plaintiff Roy Lester

Schneider, MD. ("Schneider") for a temporary restraining order [1]
("TRO"), against the defendants, Roy Flood, MD., Gilbert
Commisiong, MD., Alfred Heath, MD., Thelma Watson, MD., David
Weisher, MD., Reva Richardson, MD., Clayton Wheatley, MD., Brian
Bacot, MD., Boniface Abba, MD., Frank Odlum, MD., and the Virgin
Islands Government Hospitals and Health Facilities Corporation
(collectively "the Defendants").

Dr. Schneider is a physician who until recently was seeing
patients at the Schneider Regional Medical Center (the "Medical
Center") in St. Thomas.  On June 22, 2009, Dr. Thelma Watson
("Watson"), Medical Director of the Medical Center, wrote to
Schneider expressing concerns about a procedure performed by him.
Thereafter, the Medical Executive Committee notified him that
they intended to undertake a professional review of that
procedure.

On April 14, 2010, Watson sent a notice of the Medical
Exeuctive Committee's decision with respect to Schneider's
professional review. Schneider asserts that the Defendants
violated his due process rights in failing to provide him notice
and an adequate hearing prior to making their determination.

He now seeks to restrain the Defendants from taking several

---

[1] Schneider's motion also seeks a preliminary injunction and a permanent injunction. The Court will only address his motion for a temporary restraining order at this juncture.

actions. He seeks to restrain the Defendants from instituting the
terms of the April 14, 2010 determination of the Medical
Executive Committee "unless and until [the Defendants] have
independent objective evidence that his professional conduct
fails to satisfy an identifiable and appropriate standard of care
applicable to his expertise." (Pl.'s Mot. for TRO 2.) He also
seeks to restrain the Defendants from holding any hearings
regarding his performance unless such hearings comport with 42
USCS § 11111(a). Finally, he seeks to restrain the Defendants
from filing a report with the National Practitioner Data Bank
("NPDB") regarding the April 14, 2010 decision of the Medical
Executive Committee.

The Court may grant a TRO only if the plaintiff shows: (1) a
reasonable probability of success on the merits; (2) irreparable
injury will occur to the movant if relief is not granted; (3)
less harm will result to the non-movants if the relief is granted
than to the movant if the relief is not granted; and (4) the
public interest, if any, weighs in favor of the movant. *Bieros v.
Nicola*, 857 F. Supp. 455 (E.D. Pa. 1994)(noting that the
standards for issuing a temporary restraining order are identical
to those for the issuance of a preliminary injunction); *Civil
Liberties Union of N.J. v. Black Horse Pike Reg. Bd. of Educ.,* 84
F.3d 1471 (3d Cir. 1996)(stating the requirements for obtaining a

preliminary injunction).

The burden of showing irreparable harm is satisfied only when the movant demonstrates a "clear showing of immediate irreparable injury, or a presently existing actual threat." *Acierno v. New Castle County*, 40 F.3d 645, 655 (3d Cir. 1994)(quoting *Ammond v. McGahn*, 532 F.2d 325, 329 (3d Cir. 1976)). The harm must be "imminent." *Punnet v. Carter*, 621 F.3d 578, 587 (3d Cir. 1980). It cannot "occur in some indefinite future." *Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91 (3d Cir. 1992).

Applying the standard above to Schneider's request for a TRO, the Court will grant his request with respect to restraining the Defendants from reporting the April 14, 2010 decision of the Medical Executive Committee to the NPDB. His request will be denied in all other respects. An appropriate Order follows.



**CURTIS V. GÓMEZ**
**Chief Judge**