# DISTRICT COURT OF THE VIRGIN ISLANDS

# DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| ROY LESTER SCHNEIDER, M.D., <br><br> Plaintiff, <br><br> v. <br><br> ROY FLOOD, M.D., GILBERT COMISSONG, M.D., ALFRED HEATH, M.D., THELMA WATSON, M.D., DAVID WEISHER, M.D., REVA RICHARDSON, M.D., CLAYTON WHEATLEY, M.D., BRIAN BACOT, M.D., BONIFACE ABBA, M.D. AND FRANK ODLUM, M.D., acting in their official capacities as members of the Medical Staff of the Schneider Regional Hospital, and the VIRGIN ISLANDS GOVERNMENT HOSPITALS AND HEALTH FACILITIES CORPORATION doing business as THE ROY LESTER SCHNEIDER REGIONAL MEDICAL CENTER and/or THE ROY LESTER SCHNEIDER HOSPITAL, <br><br> Defendants. | 3:10-cv-41 |

TO:  Marie E. ThomasGriffith, Esq.
     Tamika M. Archer, Esq.

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL EXPEDITED DISCOVERY

THIS MATTER came before the Court upon Plaintiff's Motion to Compel Expedited Discovery (Docket No. 42). Defendants filed a response (Docket No. 46), and Plaintiff filed a reply thereto (Docket No. 47).

Plaintiff filed this action to obtain declaratory and injunctive relief from the district court to assist him in an ongoing medical peer review process by a Medical Executive Committee (MEC). The peer review process consists of a determination by a MEC, which may be appealed to an appellate review committee for the Governing Board, which may further be appealed to the Superior Court pursuant to section 1422 of title 5 of the Virgin Islands Code. *See* V.I. Code Ann. tit. 5, § 1422 (2010). Plaintiff claims that Defendants have violated his due process rights at various times during the peer review process by giving him inadequate notice of their actions, by not being clear in their allegations, and by misconstruing information sent by his counsel. In this motion, Plaintiff seeks expedited compelled disclosure of various discovery items (including depositions, documents, records) from the district court to aid his defense in the peer review hearing to be held by the MEC.

In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal courts must abstain from interfering with pending state criminal prosecutions. The Court based its decision on "the longstanding public policy against federal court interference with

state court proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). While *Younger* involved a state criminal prosecution, the policy against enjoining pending state court proceedings has since been extended to noncriminal judicial proceedings. *Zahl v. Harper*, 282 F.3d 204, 208 (3d Cir. 2002). Abstention is appropriate under *Younger* where "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

With regard to the first factor, a proceeding must be ongoing and judicial in nature. *Id*. A proceeding is judicial in nature if it "investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." *Prentis v. Atlantic Coast Line Co.*, 211 U.S. 210, 226 (1908). This Court already has found that medical board review "proceedings are clearly judicial in nature because they are coercive territorial enforcement proceedings." *Williams v. Gov't of Virgin Islands*, 2008 WL 5142181 at *4 (D.V.I. 2008), *aff'd*, 360 F. Appx. 297 (3d Cir. 2010). The MEC proceeding also is ongoing, as the hearing is scheduled for July 27, 2010. Therefore, the first factor of the *Younger* test is met.

The second *Younger* factor also is satisfied. The function of the MEC's proceedings is to offer a mechanism by which doctors can be evaluated. The regulation of medical

professionals is widely considered an important state interest, and the Virgin Islands is no exception. *See id*. *See also Doe v. Conn., Dep't of Health Servs.*, 75 F.2d 81, 85 (2nd Cir. 1996) (stating that "Connecticut's legislative scheme for disciplining doctors serves important and obvious public health objectives."); *Zahl*, 282 F.2d at 209 (affirming the district court's decision to abstain and agreeing with the district court's determination that "important to the public as a whole is regulation of the practice of medicine" (internal quotation marks omitted)).

The third *Younger* factor asks whether Schneider has an adequate opportunity to raise his constitutional claims in the territorial forum. This factor "is satisfied in the context of a state administrative proceeding when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination." *O'Neill v. City of Philadelphia*, 32 F.3d 785, 792 (3d Cir. 1994) (citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 926 (1986)). "Moreover, 'when a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" *O'Neill*, 32 F.3d at 792 (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)). Here, after Plaintiff's administrative proceedings are exhausted, Plaintiff may file a writ of review pursuant to section 1422 of title 5 of the Virgin

Islands Code. V.I. Code Ann. tit. 5, § 1422 (2010). Plaintiff has not attempted to present his federal claims in related state-court proceedings because the hearing has not taken place. Therefore, the third *Younger* factor is also present.

Even if the *Younger* test is met, abstention is not appropriate in all cases. A federal court may interfere with a state proceeding if any one of four exceptions is met: (1) irreparable injury is both great and immediate; (2) the state law is flagrantly and patently violative of express constitutional prohibitions; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225, 240 (citing *Younger*, 401 U.S. at 46-54).

Plaintiff argues that the review procedure is being conducted in bad faith, and the Court should not apply the abstention doctrine to the present case. In *Williams*, this Court explored the burden on the Plaintiff required to make a showing of bad faith:

> In *Williams v. Red Bank Bd. of Educ.*, 662 F.2d 1008 (3d Cir. 1981), the United States Court of Appeals for the Third Circuit illustrated the stringency of the bad faith exception. In that case, the plaintiff was a tenured school teacher whose dismissal was sought by the local board of education after the teacher made statements criticizing the board. While the dismissal proceeding was pending, the teacher sued in federal district court, alleging that "the filing of the administrative charges against her had violated her rights under the first and fourteenth amendments." *Id.* At 1011. The Third Circuit agreed with the district court that *Younger's* bad faith exception did not apply.

> [The teacher] has also argued that this case falls within the "bad faith" exception to *Younger* abstention, claiming that "(governmental) actions in retaliation for exercise of First Amendment rights necessarily involve bad faith and harassment." This argument rests on an erroneous reading of an exception to *Younger*. For the district court to find "bad faith," [the teacher] would have had to allege something akin to a *series of prosecutions brought in bad faith "without any expectation of securing a valid conviction;"* or a prosecution brought under statute "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it."

*Williams*, 2008 WL at *6 (quoting *Williams v. Red Bank Bd. of Educ.*, 662 F.2d 1008, 1022 n.14 (3d Cir. 1981)). Here, Plaintiff merely complains that Defendants were not specific in their charges towards him and gave him short notice during the peer review proceeding. Plaintiff does not allege a series of prosecutions brought in bad faith. Plaintiff only makes cursory accusations that the review process has been a "sham," without providing any evidence beyond his previously mentioned grievances with the process. No evidence is offered tending to prove improper motivation by the MEC. *See Diamond "D" Constr. Corp. v. McGowan* 282 F.3d 191, 199 (2d Cir. 2002) ("the subjective motivation of the state authority in bringing the proceeding is critical to, if not determinative of, this inquiry."). Plaintiff fails to meet his burden in making a showing of bad faith, as he cannot point to specific facts regarding the motivation of the proceeding and only makes cursory allegations of bad faith.

Therefore, the Plaintiff does not fall under any of the exceptions of *Younger*. Therefore, this Court will abstain from interfering with the MEC.

Based on the foregoing, it is now hereby **ORDERED** that Plaintiff's Motion to Compel Expedited Discovery (Docket No. 42) is hereby **DENIED**.

ENTER:

Dated: July 13, 2010
/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE